JUSTICE GRAY,
concurring in part and dissenting in part.
¶64 I concur in the Court’s opinion on issues one and three and in that portion of the opinion on issue two which generally adopts the tort of negligent spoliation of evidence by a third party. I dissent from the duty element of that tort as defined by the Court and from the application of that duty in this case. Finally, I dissent from the Court’s *355 definition of the tort of intentional spoliation of evidence by a third party. I would affirm the District Court on issue two.
¶65 In large part, the Court adopts the Johnson approach to when a duty to preserve evidence may arise in relation to an alleged third-party spoliator. It departs from that approach, however, in one particular. I would not do so.
¶66 In Johnson, the California Court of Appeals defined the “specific request” duty basis as a specific request to preserve “accompanied by an offer to pay the cost or otherwise bear the burden of preserving.” Johnson, 79 Cal. Rptr. 2d at 241. As that court observed, “[w]e do not think a tort duty to preserve should be created simply by someone specifically requesting a third party to preserve something. Preservation may entail significant burdens.” Johnson, 79 Cal. Rptr. 2d at 241 (citation omitted). I agree.
¶67 I also agree with the California court that it is this added condition that “places the burden of preservation rightfully where it belongs — on the person or entity requesting preservation.” See Johnson, 79 Cal. Rptr. 2d at 241. A simple request to a third party to preserve that party’s property for what might be a significant period of time strikes me as an inadequate and unfair basis upon which to premise the existence of a legal duty. Indeed, I am aware of no other court which has imposed a legal duty on a third party to preserve its property for another’s benefit on the basis of a mere request. I would adopt the “specific request accompanied by an offer to pay” basis for the existence of a duty to preserve set forth by the Johnson court, apply it here, and conclude that — since no offer to pay was made — no duty to preserve arose.
¶68 Instead of doing so, the Court states that there is no need to require the requesting party to include the offer to pay in the request because, in many instances, there will be no costs associated with the preservation. So, it places the obligation with regard to the subject of payment of costs on the alleged spoliator, by allowing the spoliator to demand the payment of costs associated with the preservation after a duty to preserve has come into existence. But the question is not whether, or to what extent, there will be costs for preserving the property. The question is where the obligation with regard to payment — and raising the payment issue — properly belongs. If there are no associated costs, the requesting party ultimately will pay no costs whether or not the obligation to offer to pay is a required part of the basis for the existence of the duty to preserve. The point, though, is *356 that the obligation to offer to pay before a legal duty arises seems to me to be the proper balance and it, rather than the approach adopted by the Court, places the burden where it properly belongs — on the party making the request. See Johnson, 79 Cal. Rptr. 2d at 241.
¶69 The upshot of the Court’s approach to duty, of course, results in this case going forward on the basis that Stimson had a duty to preserve evidence — assuming the notice issue is resolved in the Olivers’ favor — on the basis of the Olivers’ mere request that it do so, notwithstanding that Stimson has forever lost the right to demand payment of the reasonable costs of preservation. This is simply not fair to Stimson and, indeed, it significantly undermines the Court’s statement that appellate courts must insure that the “parties” to litigation have a fair opportunity to present their claims or defenses. It is true that the Olivers now have a fair opportunity to present their claim. Stimson does not have a corresponding opportunity. Had Stimson had the opportunity to demand the reasonable costs of preservation — an opportunity on which the Court places much importance — it may be that the Olivers would have declined to incur such costs and this action never would have been filed. The fact is that, at least in this case, the Court’s placing of the burden of preservation “where it rightfully belongs, on the person or entity requesting preservation[,]” is an illusion.
¶70 Finally, I would not define the elements of the tort of intentional spoliation of evidence in the case presently before us. The Court properly notes that this case does not warrant the adoption or recognition of such a tort due to the total absence of any facts which would support such a cause of action. For the Court to then define the elements of an as yet unrecognized and unadopted tort results in an advisory opinion on a subject admittedly not before us. That portion of the Court’s opinion is purely and totally dicta and, for that reason, I cannot join it.
¶71 I join the Court in reversing the District Court on issue one and affirming it on issue three. I dissent from the Court’s reversal of the District Court on issue two.